TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RYAN G. ADAMS (Cal. Bar No. 262227)
Special Assistant United States Attorney
Santa Ana Branch Office
     United States Courthouse
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3590
     Facsimile: (714) 338-3708
     E-mail:   ryan.adams2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-00866-TJH-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Sentencing Date: 10/18/2021<br>Sentencing Time: 10:00 a.m. |
| SAIF ALA AL DEEN, | Location: Courtroom of the Hon.<br>Terry J. Hatter, Jr. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Ryan G. Adams, hereby files its sentencing position.

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report, the Recommendation Letter, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 1, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/ *Ryan G. Adams*
RYAN G. ADAMS
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Between 2014 and 2015, defendant submitted a series of online reports to various law enforcement agencies claiming that his relatives killed members of the United States Armed Forces during the Iraq War and posed a terrorist threat to the United States. As a result of these reports, the Federal Bureau of Investigation ("FBI") initiated a national security investigation that ultimately discovered defendant's claims were false.

On June 21, 2021, defendant pleaded guilty, pursuant to a plea agreement, to Count One of the five-count indictment, which charged defendant with False Information and Hoaxes in violation of 18 U.S.C. § 1038(a)(2). (Dkts. 33, 42.)

On September 13, 2021, the United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR") and Recommendation Letter ("RL") in this matter, in which it determined that defendant's total offense level under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") is 12 and his criminal history category is I, yielding an imprisonment range of 10 to 16 months. (Dkts. 43, 44.) In its RL, the USPO recommended a variance equivalent to a one-level reduction in the Guidelines offense level from level 12 to level 11 based on mitigating factors.

The USPO recommended that the Court sentence defendant to a three-year term of probation, to include a probationary condition of 10 months' home detention, as well as additional conditions.

As explained below, the government has no objections to these Guidelines calculations and concurs with the USPO's sentencing recommendation.

1

**II.   OFFENSE CONDUCT**

On November 20, 2014, in Los Angeles County, defendant, intentionally conveyed false and misleading information that victims A.M.A., R.M.A., and O.A.A. caused the deaths of members of the United States Armed Forces during an armed conflict in which the United States was engaged.  (PSR ¶ 13.)  Specifically, defendant submitted a tip to the Arizona Counter Terrorism Information Center ("AZCTIC") that falsely stated that individuals A.M.A., R.M.A., and O.A.A., used fraudulent documents in order to obtain visas to enter the United States, and that these individuals allegedly had organized an attack in Iraq in 2006 that resulted in the deaths of two Unites States Marines.  (PSR ¶ 14.)  In addition, defendant falsely stated these individuals were planning terrorist attacks in the United States, targeting the Pentagon, the White House and the Phoenix Police Department.  (PSR ¶ 15.)

On April 20, 2015, in Los Angeles County, defendant, intentionally conveyed false and misleading information that individuals K.N.A., S.N.A., and O.N.A. were knowingly providing material support and resources to a foreign terrorist organization. (PSR ¶ 16.)  Specifically, defendant submitted a tip to the Social Security Administration Office of Inspector General ("SSA-OIG") that falsely stated individuals K.N.A., S.N.A., and O.N.A., used fraudulent documents to gain asylum and permanent residence in the United States, and that these individuals were members of the terrorist organization ISIS, and were providing support and funding to ISIS.  (PSR ¶ 17.)  Defendant falsely claimed K.N.A. participated in attacks on coalition forces in Iraq, including Armed Forces of the United States.  (PSR ¶ 18.)  In addition, defendant stated these

individuals were planning terrorist attacks in the United States, targeting the Los Angeles Police Department and the headquarters of the Federal Bureau of Investigation.  (PSR ¶ 19.)

On June 30, 2015, in Los Angeles County, defendant, conveyed false and misleading information that individuals N.A.S., F.A.S., and F.A.S. were knowingly providing material support and resources to a foreign terrorist organization.  (PSR ¶ 20.)  Specifically, defendant submitted a tip to the AZCTIC that falsely stated individuals N.A.S., F.A.S., and F.A.S., used fraudulent documents to gain asylum and permanent residence in the United States, and that these individuals were members of the terrorist organization ISIS, and were providing support and funding to ISIS.  (PSR ¶ 21.)  Defendant falsely claimed the individuals participated in attacks on coalition forces in Iraq, including Armed Forces of the United States, and that those attacks resulted in the deaths of several United States Marines.  (PSR ¶ 22.)  In addition, defendant falsely stated these individuals were planning terrorist attacks in the United States, targeting the Los Angeles Police Department and the headquarters of the Federal Bureau of Investigation.  (PSR ¶ 23.)

The FBI ultimately determined that A.M.A., R.M.A., O.A.A., K.N.A., S.N.A., O.N.A., N.A.S., F.A.S., and F.A.S. were not national security threats and questioned defendant about his false statements.  (PSR ¶ 24.)  The victims of this offense were relatives of defendant.  (Id.)  Defendant admitted to intentionally conveying false and misleading information about the victims of this offense.  (Id.)

### III. GUIDELINES CALCULATIONS

The USPO calculated a total offense level as 12, based on the following calculation:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2A6.1(a)(1) |
| Special Offense Characteristics: | | |
| Offense involved more than two threats: | +2 | U.S.S.G. § 2A6.1(b)(2)(A) |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1(a) |
| Total Offense Level: | 12 | |

(PSR ¶¶ 31-44.)

Based upon a total offense level of 12 and a criminal history category I, the USPO calculated a Guidelines imprisonment range of 10 to 16 months. Since the applicable Guidelines range is in Zone C of the Sentencing Table, the minimum term may be satisfied by: (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one month is satisfied by imprisonment. (PSR ¶ 99.)

In its RL, the USPO recommended a variance equivalent to a one-level reduction in the Guidelines offense level from level 12 to level 11 based on mitigating factors, which places defendant within Zone B of the Sentencing Table and yields an imprisonment range of 8 to 14 months. A sentence falling within Zone B of the Sentencing Table allows for probation with a condition of home detention.

The government concurs with the USPO recommendation for a one-level variance. Consistent with the Plea Agreement, the government respectfully requests that the Court impose a one-level downward variance under 18 U.S.C. § 3553(a), provided that the total offense level applied by the Court before any variance is 14 or higher, based

4

on a totality of the circumstances in this case, namely, the history and characteristics of the defendant and the nature and circumstances of the offense.

The government concurs with the USPO's calculation of defendant's total offense level, criminal history category, and Guidelines range.

**IV.     THE GOVERNMENT'S SENTENCING RECOMENDATION**

The government concurs with the USPO's sentencing recommendation.  Therefore, the government recommends that the Court sentence defendant to a three-year term of probation, to include a probationary condition of 10 months' home detention, as well as the other conditions recommended by the USPO.

Defendant submitted a series of fraudulent online reports to various law enforcement agencies claiming that his relatives killed members of the United States Armed Forces during the Iraq War and posed a terrorist threat to the United States.  The FBI determined the claims made by defendant were false.

In mitigation, however, defendant's traumatic childhood upbringing, lack of criminal history, mental health conditions, and his acceptance of responsibility for his series of poor decisions are mitigating factors that the government recognizes warrant a probationary sentence that includes a condition of home detention. Therefore, a sentence of a three-year term of probation, to include a probationary condition of 10 months' home detention, and the other conditions recommended by the USPO, appropriately reflects the seriousness of the offense, the need to provide just punishment, protects the public from further crimes of defendant, and provides defendant with the mental health care he needs.  Specifically, the

5

length of the probationary sentence along with the conditions recommended by the USPO should give defendant the ability to continue his mental health treatment while at the same time deterring his future criminal conduct and protecting the public.  These conditions involve no greater deprivation of liberty than is reasonably necessary.

**V.   CONCLUSION**

For the foregoing reasons, a sentence of a three-year term of probation, with a condition of 10 months' home detention, and the other conditions recommended by the USPO, would be sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).  The government respectfully requests that the Court sentence defendant accordingly.